Harper J.
delivered the opinion of the Court.
As to the motion for nonsuit in this case, and the ground that there was no sufficient proof of the execution of the bond, we are clearly of opinion that the testimony of the witness Josephus Toliison, was sufficient, to allow the execution of fhe bond to be submitted to the jury: Nor are we authorized from any thing that appeal's, to say that the jury decided erroneously on the whole of the testimony which was before them.
The following is the condition of the bond which was the subject of the suit. “ The condition of this obligation is such, that if the above bound Abraham Lemasters, and John Lee, do keep and indemnify the said Joseph from any loss whatever, in a certain case of Joseph Collins, guardian, against the estate of Stephen Foster, Esq. deceased, and should not the said sum of money be recovered or paid to the said Joseph, with interest until paid which was advanced by the said Joseph to the aforesaid Abraham, for the support of Lucinda, Alfred, and Causado Toliison, on the 23d day of August, 1823, the amount of two hundred dollars, as well the costs of suit, as principal and interest, from the date aforesaid, and as well to indemnify the said Joseph, guardian for Lucinda, Alfred, and Causado Tolli-' son, in a sum of money advanced to the said Abraham, their step-father, amounting to four hundred and fifty-nine dollars, a balance due them from their brother James, as per mortgage for five hundred dollars, then by the above bound Abraham and *145 John, observing, and from time to time settle, and so arrange the above business, as always to indemnify the said Joseph, then the above to be void and of no effect, otherwise to remain of full force and virtue.”
1795, 2 Faust,
It would be absolutely impossible to understand this confused and most unintelligible instrument, but by adverting to the situation of the parties, and the circumstances of their transactions ; with respect to which both parties concur, and rely on them for the purpose of explanation.
The plaintiff, Joseph Collins, was the guardian of the children mentioned in the condition, and of other natural children of John Tollison, deceased. The said John Tollison, had, from time to time, during his life, conveyed by various deeds, portions of his estate to his natural children. After his death a suit was instituted in the Court of Equity, to set aside those deeds, under the act of assembly, which forbids the giving of more than one fourth of the estate of a party having a wife or legitimate child, to a mistress or natural children. During the progress of the suit, an order was made by the Court, for the sale of property of the estate to the amount of two hundred dollars, (the income not being sufficient) for the support and maintenance of the children, mentioned in the condition of the bond pendingthe suit. .Stephen Foster, the Commissioner, lost this order, and it was never entered on the minutes of the Court.
The plaintiff Collins expecting to recover the amount from the representatives of Foster, advanced to the defendant Lemasters, with whom the children were living, (he having married their mother) the two hundred dollars mentioned in the condition, out of his own funds. Before any suit brought, however, the final decree of the Court of Equity was pronounced; which confirmed the deeds executed to certain of the elder children, among whom was James Tollison, also mentioned in the condition of the bond, but set aside the deeds to Lucinda, Alfred and Causado Tollison, who were declared to be intitled no portion of the estate. Upon this the plaintiff was advised that no recovery could be had against the representatives of Foster, inasmuch as the order of the Court, even if it had been duly entered, would have been superseded by the final decree, and no damage had resulted from his neglect. He, therefore, declined to bring *146 the suit. James Tollison, whose conveyance had been pronounced valid, on account of the destitute condition of the younger children, assigned to the plaintiff, as their guardian, a bond and mortgage for five hundred dollars. The four hundred and fifty-nine dollars, mentioned in the condition as advanced to Lemasters, were the proceeds of this mortgage.
I shall first consider the case with respect to the two hundred dollars, mentioned in the first part of the condition of the bond. It is objected, that to intitle himself to recover against the defendants, the plaintiff ought to have shewn himself damnified; the understanding having been to indemnify him against the suit with Foster’s representatives; and as defendants’ undertaking to refund the two hundred dollars, was on the condition that plaintiff should fail in the suit against Foster, he never ’ having brought such suit, is not intitled to recover. The jargon of this instrument has rendered it difficult to make the proceedings and arguments in relation to it intelligible. Though this is called a bond of indemnity, and the word indemnity is used in the condition, such is plainly not its character. An undertaking to indemnify, is to save harmless against a future loss, or liability r Here all the loss was incurred by the advancing of the money in the first instance. I do not regard the bringing of a suit against Foster’s representatives, as a condition precedent to the' plaintiff’s right of demanding to be reimbursed this amount by the defendants. Having advanced his own funds to Lemasters, he was intitled to have the amount refunded. But as there was a prospect of his recovering it from the estate of Foster, it was proper to provide that defendant should not be liable, if he should be successful in that attempt. I regard it then as if the condition, after reciting the advance of two hundred dollars, had been to refund the amount, unless the complainant should be reimbursed by a suit, which he contemplated bringing against the estate of Foster; withi a further understanding to indemnify him against the costs of that suit. Here the word indemnify is properly used. This seems to me to be the proper meaning which the parties have attempted to express in the manner which appears. The liability of the defendant was absolute ; subject to be discharged only in the event of the plaintiff’s recovering against the estate of Foster. If it had been made to appear, that plaintiff had only failed to recover through his own laches, this might have been a de *147 fence : certainly it would have reduced the damages to nominal ones merely. But it is clear that he could not have recovered.
It is further objected, that defendants ought to have been permitted to shew, that the money was properly laid out in the support and maintenance of the children. But from the view I have taken, the plaintiff was intitled to have his own money refunded, whether it were laid out in the support of the children or not. If the defendant Lemasters had a personal demand against him, for the boarding of the children, this might have been matter of set-off; but no set-off was offered. Or if Lemasters, in collusion with the plaintiff, has failed to make the proper defence, no doubt the defendant may obtain relief in Equity.
Then, as to the four hundred and fifty-nine dollars mentioned in the latter part of the condition: This is not said to have been advanced for the support and maintenance of the children. It is merely so much money, which was in the hands of the plaintiff as guardian, advanced to Lemasters, for which defendant stipulated '• from time to time to settle, and so arrange the above business, as always to indemnify the said Joseph.” Here again the word indemnify is applicable. All the loss and liability was incurred'by the advance of the money. If, reciting that a person has advanced to me a sum of money, I engage to indemnify him, this can only mean that I will refund the money; and if no time is specified for doing so, it must be on demand.
I can attach no other meaning to the words of this condition, than that defendant will at any time account for, and refund the money, when it shall be demanded. The motion is therefore dismissed.